IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

RONALD D. WASHINGTON,

*Plaintiff,*

v.

KROGER LIMITED PARTNERSHIP I,

*Defendant.*

No. 3:11–cr–00074

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

The Defendant Kroger Limited Partnership I ("Defendant"), pursuant to Fed. R. Civ. P. 54, seeks an order compelling Plaintiff Ronald D. Washington ("Plaintiff") to pay Defendant's bill of costs, totaling $5,000.22, or in the alternative, to file a bond or post other security with the court to ensure that Defendant's costs will be paid pending Plaintiff's appeal. Plaintiff has not filed an opposition to this pending motion. However, Plaintiff did file an objection to Defendant's bill of costs, wherein Plaintiff requests that the court review Defendant's bill, which Defendant submitted earlier in December 2012. For the reasons that follow, I will award $4,588.37 in costs to Defendant.

### I.        Procedural Posture

Plaintiff filed his initial complaint in this employment discrimination matter in November 2011. On December 4, 2012, I granted Defendant's Motion for Summary Judgment, which dismissed this case from the active docket. On December 7, 2012, three days after the court's order, Defendant filed a bill of costs, pursuant to Rule 54(d)(1), seeking the recovery of

1

$5,000.22 in costs that Defendant allegedly incurred defending against Plaintiff's lawsuit. Defendant's filing included pages of invoices, along with an affidavit by counsel in support of its bill.  Plaintiff filed an appeal in this case on December 13, 2012, which was transmitted to the Fourth Circuit the following day.  Then, on December 28, 2012, Plaintiff filed a one-page opposition to Defendant's bill, titled "Motion Objecting to Defendant's Bill of Costs".  On January 2, 2013, Defendant filed a response brief in opposition to Plaintiff's filing, as well as a "Motion to Compel Bond for Costs on Appeal".  In its pending motion, Defendant requests that the court compel Plaintiff to pay Defendant $5,000.22, or in the alternative, to file a bond or post other security with the court to ensure that Defendant's costs will be paid pending Plaintiff's appeal.

## II.      Legal Standard and Discussion

Under Rule 54 of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  While the district court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so[,]" as the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir. 1999) (citations and internal quotation marks omitted).

It is incumbent upon the losing party to show circumstances sufficient to overcome the presumption that favors awarding costs to the prevailing party. *Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir. 1994).  In *Cherry*, the Fourth Circuit listed the rare circumstances where, absent a statute or federal rule of civil procedure, a court may decline to shift those costs, which include:

2

(1) "misconduct by the prevailing party worthy of a penalty"; (2) "the losing party's inability to pay"; (3) the "excessiveness [of the costs] in a particular case"; (4) the "limited value of the prevailing party's victory"; or (5) "the closeness and difficulty of the issues decided." *Cherry,* 186 F.3d at 446.

As Defendant notes, there is no federal statute, rule of civil procedure or court order that would prevent it, as the prevailing party, from recovering costs from Plaintiff.[1]  In regards to the rare circumstances that may overcome the presumption of awarding the bill of costs, as detailed in *Cherry*, none are applicable here.  First, Defendant, as the prevailing party, has not committed any acts of misconduct.[2]  As for the second consideration, if a plaintiff is indigent and unable to pay the prevailing party's bill, that may be a reason to decline to award costs.  *See, e.g., Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) ("Mindful of the presumption that costs are to be awarded to the prevailing party under [Rule 54(d)(1)], we hold that this presumption may be overcome with a showing of indigency.").  But that does not appear to be the case for Plaintiff, who most recently was employed by USPS and did not submit any argument on this point.  *See* Def.'s Mot. to Compel Produc. of Docs. ¶ 3 ("During Kroger's review of Plaintiff's discovery responses, it learned that Plaintiff is currently employed by USPS.") (docket no. 41).

In his opposition, Plaintiff "questions the Court whether it is prejudicial to a Pro Se Plaintiff to be assessed fees."  Pl.'s Mem. in Opp. 1.  Indeed, by statute, the *in forma pauperis* plaintiff remains liable for paying the prevailing adversary's costs.  *See Cherry*, 186 F.3d at 447

---

[1] While the Supreme Court has held that Title VII cabins courts' discretion to award attorneys' fees to prevailing defendants, *see Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422 (1978), the Court has not held the same with regard to costs. *Keeshan v. Eau Claire Cooperative Health Centers*, Inc., 394 F. App'x 987, 998 (4th Cir. 2010).

[2] Examples of "misconduct by the prevailing party worthy of a penalty", as cited by the Seventh Circuit, include "calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings." *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

(citing 28 U.S.C. § 1915(f)(1), which states that when a party proceeds *in forma pauperis,* "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings"). Even if those costs amount to a high percentage of a losing party's income, they still may be awarded. To illustrate, in *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003), the Fourth Circuit found that the district court's decision to order a Title VII plaintiff to pay $3,627.26 in costs after summary judgment, despite representing half of her disposable income, was not an abuse of discretion. *Id.* at 766. In fact, the Fourth Circuit has stated that it is error for a trial court to consider the parties' comparative economic power as a reason to disallow presumptive costs. *See Cherry*, 186 F.3d at 448.

The third consideration, whether the costs in this case are excessive, encompasses Plaintiff's one specific contention in his opposition to Defendant's bill: that he "never agreed upon nor ever asked Defendant to send him copies of [the] depositions of August 29 and 30, 2012, inasmuch as the Plaintiff and his wife purchased their own copies." Pl.'s Mem. in Opp. 1. Defendant merely states that it exercised restraint to ensure that its costs were as low as possible, and notes that it deposed only two witnesses in the case (Plaintiff and his wife). Def.'s Reply 3. It is the duty of this Court to review all of the costs requested by Defendant. *See, e.g.*, *Bass*, 324 F.3d at 766 ("The district court's decision, which thoroughly examined all the costs requested by DuPont and reduced them significantly, was not an abuse of discretion."). While the specific charges will be discussed *infra*, Defendant's $5,000.22 bill does not appear excessive on its face.

The fourth factor considered in *Cherry*—"the limited value of the prevailing party's victory"—is not applicable either. This consideration, initially suggested by the Sixth Circuit and later adopted by the Fourth Circuit in *Teague*, has also been characterized as "when the prevailing party's recovery is so small that the prevailing party is victorious in name only." 35

4

F.3d at 996 (citing *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986). In other words, this is not a case "where the judgment recovered was insignificant in comparison to the amount sought and actually amounted to a victory for the [losing party]." *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

Nor is the final factor applicable, where a court may decline to award costs to the prevailing party due to the closeness and difficulty of the issues decided. This consideration arose in *Ellis v. Grant Thornton LLP*, 434 F. App'x 232 (4th Cir. 2011), where the Fourth Circuit held that the district court did not abuse its discretion by refusing to award over $60,000 in costs to the prevailing defendant, on the basis of plaintiff retiree's inability to pay, "where the issues in the case were close and difficult, [the] case was hotly contested at trial and in previous appeal, and there was sufficient evidence admitted at trial to allow [the] district court to carefully evaluate retiree's financial condition and assess his ability to pay award of costs . . . ." *Id.* at 232.[3] Conversely, the decision in this case was of a different nature, as Plaintiff was unable to provide any admissible evidence to support his race discrimination or hostile work environment claims against Defendant at the summary judgment stage. Lastly, though Plaintiff does not raise this argument in his opposition, it is worth noting that the Fourth Circuit has rejected the premise that an unsuccessful Title VII plaintiff's good faith in bringing a suit should shield him from being taxed with his opponent's costs. *See Keeshan*, 394 F. App'x at 998 (citing *Cherry*, 186 F.3d at 446 ) ("[G]ood faith, standing alone, is an insufficient basis for refusing to assess costs against [the losing] party.").

---

[3] In the district court's view, the plaintiff in *Ellis* "probably would have prevailed if the case had been remanded for a retrial." 434 F. App'x at 234. While the district court in *Ellis* took into account the plaintiff retiree's inability to pay costs in declining to award the full bill ($68,983.70) to the prevailing defendant, the Fourth Circuit still mandated that the district court tax the plaintiff $7,026.25. *See Ellis*, 434 F. App'x at 234-235.

### III.    Calculating the Award

While there are no grounds for denying all costs to the prevailing party in this case, as discussed, this court has the discretion to determine the final bill amount.  On December 7, 2012, Defendant submitted its final bill of costs with the court, along with invoices and an affidavit by counsel affirming that each charge was correct and had been necessarily incurred in the case. Under 28 U.S.C. § 1920, and relevant to this case, a judge or clerk of any court of the United States may tax: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "Fees and disbursements for printing and witnesses"; and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case".  *See* 28 U.S.C. § 1920(2), (3), (4).  On the court's "bill of costs" form (AO 133), and detailed in it its accompanying motion and affidavit, Defendant indicates the following costs: "Fees for service of summons and subpoena" ($156.30); "Fees for printed or electronically recorded transcripts . . . ." ($2,102.64); "Fees and disbursements for printing" ($1,747.53); "Fees for witnesses" ($100.70); "Fees for exemplification and the cost of making copies . . . ." ($481.20); and "Other Costs" ($411.85).  In that final category ("Other Costs"), Defendant includes its FedEx charges for the delivery of pleadings to the court, pursuant to the December 2011 pretrial order in this case, as well as charges for the delivery of pleadings to Plaintiff, "due to his election to proceed pro se and failure to register as an ECF participant."[4]

Defendant submitted invoices for the charges that it claims, and upon reading through Defendant's filing, I do not see any expenses that appear unnecessary or undocumented.  As detailed in its filing, the "Fees for witnesses" that Defendant claims include witness fees for Mr.

---

[4] The December 27, 2011 pretrial order states as follows: "When a dispositive motion, together with its supporting brief and exhibits consists of 50 or more pages, the filing party must send a paper courtesy copy of the documents to the chambers of the presiding District Judge . . . ."  (docket no. 13).

and Mrs. Washington, and the subpoena for Plaintiff's medical records.  Defendant's "Fees for service of summons and subpoena" include the cost of subpoenaing Mrs. Washington, along with the cost of postage for mailings to Plaintiff's union, Martha Jefferson Hospital, and the United States Postal Service.   Defendant's "Fees for printed or electronically recorded transcripts" include the court reporter and printing costs for Mr. and Mrs. Washington's deposition.  Defendant also details, in four entries, its "Fees for disbursements for printing" used to respond to discovery, and includes one entry for its miscellaneous copying expenses.  Upon reviewing these specific charges, I find that they were "necessarily obtained for use in the case", and shall be taxed to Plaintiff.

However, I will decline to tax Plaintiff with the $411.85 in costs Defendant incurred by mailing certain filings to the court and to Plaintiff, which it lists under "Other Costs" on the AO 133 form.  Along with falling outside any of the specific categories detailed on court's form, such delivery charges are not listed as a typical cost taxed under 28 U.S.C. § 1920 either.  While the pretrial order asked for a courtesy copy of dispositive motions and exhibits that exceeded 50 pages, it did not say anything about requiring FedEx next day delivery, which Defendant claims it used, or sending reply briefs and multiple copies of sections of Plaintiff's deposition, which the court received.  After subtracting these delivery charges from Defendant's bill, I will award Defendant $4,588.37 in costs.

### IV.    Conclusion

For the foregoing reasons, this case does not meet one of those rare circumstances that rebuts the presumption to award costs to the prevailing party.  Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff owes Defendant $4,588.37 for costs that Defendant incurred during this litigation.  An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum

opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this _____5th_____ day of February, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE